(R.D. 11284)

CAROLINA MFG. CO. *v.* UNITED STATES

Entry No. 788073.

(Decided March 28, 1967)

*James G. McGoldrick* for the plaintiff.
*Barefoot Sanders,* Assistant Attorney General, for the defendant.

RAO, Chief Judge: This appeal for reappraisement was submitted for decision upon the following stipulation of counsel:

IT IS HEREBY STIPULATED, CONSENTED TO AND AGREED, by and between the attorneys for the parties hereto, subject to the approval of the court:

1) That the merchandise covered by the appeal to reappraisement herein, consists of plastic articles from Japan.

2) That export value, as defined in section 402(b), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, is the proper basis of value for the merchandise herein;

3) That on or about the dates of exportation herein such or similar merchandise was freely sold or in the absence of sales, offered for sale, in the principal markets therefor of Japan, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, at the appraised values less the amounts indicated on the commercial invoices to have been paid as buying commission;

4) That such invoiced unit prices, plus charges as invoiced excepting buying commission are the export values as defined in section 402(b) of the Tariff Act of 1930, as amended and as modified, of the merchandise covered by the appeals for reappraisement herein.

IT IS FURTHER STIPULATED, CONSENTED TO AND AGREED, by and between the attorneys for the parties hereto, that these appeals for reappraisement may be submitted on the foregoing stipulation, and on the invoice, entry and other official papers relating to the entry and appraisement of the merchandise covered by these appeals.

On the agreed facts, I find and hold that export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 70 Stat. 943, is the proper basis for the determination of the value of the merchandise involved herein and that said value is represented by the appraised values, less the amounts indicated on the commercial invoices to have been paid as buying commission, which values are the same as the invoiced unit prices, plus charges as invoiced, except buying commission.

Judgment will be entered accordingly.